UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ERIC ANDREW GARDNER,

        Plaintiff,                         Case No. 2:16-cv-2

v.                                                Honorable Robert Holmes Bell

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff Eric Andrew Gardner filed this civil rights action pursuant to 42 U.S.C. § 1983 against a number of defendants. On February 1, 2016, the Court ordered service of Plaintiff's complaint on Defendants Haske, Murphy, Thomas, Frechette, and McDonald with regard to Plaintiff's access to courts claims, and dismissed the remainder of the claims being asserted in Plaintiff's complaint. Currently before the Court is Plaintiff's "Motion for Preliminary Injunction Temporary Restraining Orders" (ECF No. 6). For the reasons set forth below, the undersigned recommends denial of this motion.

        In Plaintiff's motion, he asserts that Defendants have refused his right to a legal writer, as well as to writing materials, mailing materials, and carbon paper. Plaintiff also contends that Defendants have refused Plaintiff photocopies of exhibits necessary to a pending case in the United States District Court for the Eastern District of Michigan, as well as legal materials needed for research in that case. Finally, Plaintiff claims that Defendants have refused to allow him to communicate with public officials.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented, as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

As noted above, Plaintiff states that Defendants have interfered with his access to the courts in various ways, specifically with regard to a pending case in the Eastern District of Michigan. For relief, Plaintiff seeks an order preventing former Defendant Weaver, who was dismissed from this action on February 1, 2016, and Defendant Murphy from entering ECF. Plaintiff fails to allege specific facts showing that he is likely to suffer irreparable harm if his request for relief is denied in this case. Moreover, the Court lacks jurisdiction over former Defendant Weaver, because he is no longer a party to this action. Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's "Motion for Preliminary Injunction Temporary Restraining Orders" (ECF No. 6) be DENIED.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: February 29, 2016   /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE