UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC GARDNER,

       Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

       Defendants.

_____/

File No. 2:16-cv-2

HON. GORDON J. QUIST

**MEMORANDUM OPINION AND ORDER**

On January 19, 2017, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") (ECF No. 42), recommending that Defendants' motion for summary judgment be denied in part and granted in part. Plaintiff has filed objections to the R&R (ECF Nos. 45, 47), as have Defendants (ECF No. 43). For the reasons that follow, the objections will be denied and the R&R will be adopted as the opinion of the Court.

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**I. Plaintiff's Objections**

Plaintiff objects to the dismissal of any claim for damages against Defendants Frechette, Haske, and Murphy in their official capacity. Plaintiff asserts that Defendants did not raise a viable argument regarding the dismissal of suit against them in their official capacity. To the contrary, Defendants' brief in support of the motion for summary judgment explained in detail why they were not liable in their official capacity. Plaintiff argues that they lost immunity to a claim against them

in their official capacity, but he does not provide legal support for his argument. Plaintiff also contends that Defendants are not entitled to qualified immunity; however, the R&R did not discuss qualified immunity or recommend any ruling on that issue. Plaintiff further argues that Defendants' liability in their official capacity presents a question of fact, because the issue of malice and direct involvement have not been resolved. Malice and personal involvement have no bearing on whether Defendants are liable in their official capacity. Thus, Plaintiff's objections are meritless.

In his supplemental objections, Plaintiff objects to the fact that the case caption refers to Defendants as "Unknown Haske et al." (Suppl. Objs., ECF No. 47-1, PageID.617.) The case caption is irrelevant to the substance of the R&R, and is not part of any opinion issued by this Court.[1]

Plaintiff also argues that, as to his official-capacity claims, the R&R did not address the fact that he seeks declaratory relief as well as damages. However, the R&R expressly recommended dismissal of the official-capacity claims only "[t]o the extent that Plaintiff seeks damages." (R&R 5, ECF No. 42.) In other words, the R&R did not find that Plaintiff could not seek declaratory relief. Plaintiff also asserts that Michigan law prevents dismissal of the claims against Defendants in their official capacities, but the Eleventh Amendment trumps Michigan law. Thus, Plaintiff's supplemental objections are also meritless.

**II. Defendants' Objections**

The R&R denied Defendants' motion for summary judgment insofar as it claimed that Plaintiff failed to exhaust his administrative remedies against Defendants Haske, Murphy, and Frechette. Defendants assert that Plaintiff failed to complete the grievance process before filing suit. The R&R relied on Defendant's assertion that four of his grievances were appealed through Step III of the grievance process.

---

[1]The Court will refer to the Michigan Department of Corrections in the case caption because it is the first-named Defendant, even though it has been dismissed from the case.

*First*, Defendants claim that the grievance process for three of these grievances was not complete when Plaintiff filed suit, because the Step III grievance responses were sent to Plaintiff after the date that he filed his complaint. A prisoner must complete the grievance process *before* filing suit; exhaustion may not be completed after a complaint has been filed. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). With respect to the three grievances identified by Defendants, the grievance process was completed before Plaintiff filed suit on January 8, 2016, even though the Step III responses were not provided to Plaintiff until a later date. MDOC policy provides that "[t]he total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step I and/or Step II." MDOC Policy Directive 03.02.130 ¶ S (effective July 9, 2007).[2] Plaintiff filed Grievance ECF-15-07-2066-14f at Step I on July 23, 2015. (MDOC Prisoner Step III Grievance Report, ECF No. 37-3, PageID.353.) The Step III grievance response was sent to Plaintiff on March 15, 2016, more than 120 days after Plaintiff filed the Step I grievance. (*Id.*) Similarly, Plaintiff filed Grievance ECF-15-08-2310-01i at Step I on August 17, 2015. (*Id.* at PageID. 352.) The Step III response was sent to Plaintiff on January 12, 2016, more than 120 days after Plaintiff filed the Step I grievance. (*Id.*) Likewise, Plaintiff filed Grievance No. ECF-15-08-2230-15b on August 7, 2015. (*Id.* at PageID.354.) The Step III response was sent to Plaintiff on March 15, 2016, more than 120 days after Plaintiff filed the Step I grievance. (*Id.*)

The Sixth Circuit has held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004). "Moreover, judges in this district, including the undersigned, have concluded that

---

[2]The R&R referred to a 90-day period for completion of the grievance process, but the Court cannot find mention of such in the Policy Directive.

administrative remedies are deemed exhausted after 120 days regardless of whether a Step III response has been issued." *Dykes v. Marshall*, No. 1:14-CV-1167, 2016 WL 1059618, at *2 (W.D. Mich. Mar. 17, 2016) (Quist, J.); *accord Lewis v. Spitters, No.* 1:14-CV-917, 2015 WL 5682405, at *6–7 (W.D. Mich. Sept. 18, 2015) ("[I]f prison officials fail to respond to an inmate's Step III grievance by the end of the aforementioned 120 day period, the inmate should be able to initiate, without fear of dismissal on exhaustion grounds, an action in federal court."); *see also Carter v. Ayala*, No. 1:13-CV-807, 2014 WL 4660320, at *3 (W.D. Mich. Sept. 17, 2014) (denying the defendants' motion for summary judgment on exhaustion grounds because prison officials failed to provide a timely step III response); *Jarrett v. Snyder*, No. 1:13-CV-139, 2014 WL 4472732, at *2 (W.D. Mich. Sept. 10, 2014) ("Defendants' argument that Plaintiff should have simply waited for a response before filing his complaint—no matter how long that response took—is unavailing."). With respect to each of the three grievances mentioned above, the 120-day period expired before Plaintiff filed the complaint. Thus, Defendants' first objection is without merit.

*Second*, Defendants claim that Plaintiff never pursued Grievance No. ECF-15-10-2857-27b through Step III of the grievance process. The Court agrees. In response to the motion for summary judgment, Plaintiff asserted that he received a Step III response to this grievance, but there is no evidence of such a response. Moreover, this grievance is not listed in the Step III report provided by Defendants. Thus, there does not appear to be a genuine dispute that Plaintiff did not exhaust his remedies for this grievance. This finding does not necessarily change the result of the R&R, however. Plaintiff identified this grievance to show that he exhausted his administrative remedies as to Defendant Frechette, but he also asserted that another grievance, Grievance No. ECF-15-08-2230-15b, named Frechette. The latter grievance is listed in Defendants' Step III report, and for the reasons stated above, it was properly exhausted before Plaintiff filed his complaint. Defendants have not challenged Plaintiff's assertion that he named Frechette in this grievance, and Defendants did

4

not raise any issue about the contents of this grievance in their motion for summary judgment. Thus, Defendants' objection does not change the outcome recommended by the R&R.

*Third*, Defendants argue that the fact that Plaintiff was on modified access to the grievance process does not excuse him from exhausting his administrative remedies. That is true, but it does not change the fact that Defendants have not satisfied their burden at summary judgment of showing that Plaintiff did not exhaust his remedies. *See Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (noting that "*where the moving party has the burden*-the plaintiff on a claim for relief or the defendant on an affirmative defense-*his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party*.") (emphasis in original).

Accordingly, for the reasons stated herein and in the R&R,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (ECF Nos. 45, 47) and Defendants' objections to the same (ECF No. 43) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 42) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 36) is **GRANTED IN PART** and **DENIED IN PART**

**IT IS FURTHER ORDERED** that Defendant Thomas is dismissed from the action.

**IT IS FURTHER ORDERED** that Plaintiff's claims for damages against Defendants in their official capacities are **DISMISSED**.


Dated:  February 28, 2017                            /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE