UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC GARDNER,

        Plaintiff,

v.                                                                  Case No.  2:16-cv-2
                                                                                 HON. GORDON J. QUIST

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Eric Gardner pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants Haske, Murphy, Thomas, Frechette, and McDonald interfered with his right to access the courts.  Defendants filed a motion for summary judgment (ECF No. 69).  Plaintiff filed a response, in which he also requests a declaratory judgment, (ECF No. 72) and a motion to supplement and for default judgment (ECF No. 74).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing

that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants assert that they are entitled to the defense of qualified immunity. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir.2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Determining whether a government official is entitled to qualified immunity generally requires two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Id.* at 538-39 (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006)); *cf. Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that the two-part test is no longer considered mandatory; thereby freeing

2

district courts from rigidly, and potentially wastefully, applying the two-part test in cases that could more efficiently be resolved by a modified application of that framework).

A qualified immunity analysis involves consideration of the clarity of the law at the time of the alleged violation to determine whether the asserted right was clearly established and consideration of the specific factual circumstances known by the officer to determine whether a reasonable officer could have known that their conduct violates that right. *Smith v. City of Wyoming*, 821 F.3d 697, 708 (6th Cir. 2016). Thus, the Court must consider "the plaintiff's asserted right with specificity, and focus on the particular facts known to the officer at the time." *Id.* "The relevant inquiry is whether existing precedent placed the conclusion" that the defendant violated the plaintiff's rights "in these circumstances 'beyond debate.'" *Mullenix v. Luna*, 36 S.Ct. 305, 309 (2015), citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)).

Further, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999).  The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.  "Thus, a prisoner's right to access the courts extends to direct appeals [from criminal convictions], habeas corpus applications, and civil rights claims only."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).  Moreover, the underlying action must have asserted a non-frivolous claim.  *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

Defendants assert that Plaintiff has failed to show actual injury which could support an access to the courts claim and has failed to show that he was denied the ability to pursue a non-frivolous direct appeal in a criminal conviction, a habeas corpus application, or a civil rights claim.  Plaintiff has asserted that Defendants denied him access to the courts in a number of ways.  Plaintiff asserts that he was denied access to legal writers, which limited his ability to file motions, denied photocopies of legal materials, and was not allowed to send complaints to the Legislative Ombudsman.  Plaintiff states that he was not classified as indigent for six months, so that he was

4

unable to obtain loans.  Plaintiff asserts that he was refused rehearing packets for 20 "retaliatory" misconduct tickets.

Defendants assert that Plaintiff has failed to show any denial of his right to access the courts.  Specifically, Defendants state that even if Plaintiff was denied rehearing packs for the 20 alleged "retaliatory misconduct tickets," he could still appeal his misconduct guilty findings because hearing investigative packets are not necessary to file an appeal under Policy Directive 03.03.105.  Moreover, Plaintiff has failed to show that he was denied the ability to pursue an appeal in a criminal conviction, a habeas corpus application, or a civil rights action.  Plaintiff has not shown that administrative appeals of his misconduct hearing convictions qualify as the type of action protected by *Bounds* as opposed to an impairment of litigation that is nothing more than an incidental consequence of his conviction.  *Lewis*, 518 U.S. at 355.  "[t]he right of access to the courts does not encompass a right of access to prison administrative proceedings." *Burns v. Heyns*, 2015 WL 4391983, 1:14-cv-733 (W.D. Mich. July 15, 2015).   In the opinion of the undersigned, Plaintiff has failed to show actual injury to any specific litigation.

Plaintiff has filed a motion to supplement his pleadings to include events that occurred after he filed this complaint while he was placed in medical observation.  While in medical observation, Plaintiff asserts that he did not receive legal mail for this case from the Michigan Attorney General's Office.  Plaintiff asserts that he received mail from the Attorney General's Office one month after it was sent to the prison.  Plaintiff believes that the failure to give him the mail is a blatant act of obstruction.  Plaintiff asserts that his rights are continually being violated.  Plaintiff requests declaratory judgment and punitive damages in his favor and entry of

5

default judgment against Defendants. In the opinion of the undersigned, Plaintiff has failed to show that his rights have been violated.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment. Accordingly, it is recommended that Defendant's Motion Summary Judgment (ECF No. 69) be granted and that this case be dismissed in its entirety.

It is further recommended that Plaintiff's motion to supplement and for judgment (ECF No. 74) be denied.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                                      /s/ Timothy P. Greeley
                                                      TIMOTHY P. GREELEY
                                                      UNITED STATES MAGISTRATE JUDGE

Dated:   January 11, 2018