UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC GARDNER,

    Plaintiff,

v.    Case No. 2:16-CV-2

MICHIGAN DEPARTMENT OF    HON. GORDON J. QUIST
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Eric Gardner, filed a civil rights action against Defendants pursuant to 42 U.S.C. § 1983. Gardner's surviving claim is that Defendants Haske, Murphy, Thomas, Frechette, and McDonald interfered with his right to access the courts. Defendants filed a motion for summary judgment, asserting that Gardner failed to show any actual injury and that they are entitled to qualified immunity. (ECF No. 69.) Gardner responded and requested a declaratory judgment (ECF No. 72), and filed a motion to supplement and for default judgment. (ECF No. 74.) Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) on January 11, 2018, recommending that the Court grant Defendants' motion, deny Gardner's motions, and dismiss the case because Gardner "has failed to show that his rights have been violated . . . [and] has failed to sustain his burden of proof in response to Defendants' motion for summary judgment." (ECF No. 79 at PageID.749.) Gardner filed an objection to the R & R dated January 23, 2018. (ECF No. 82.)

Pursuant to Federal Rule of Civil Procedure 72(b), a petitioner "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a petitioner objects. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Gardner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The R & R concluded that Gardner failed to offer sufficient evidence to demonstrate actual injury—a bar to his access to the courts claim and, as a result, entitling Defendants to qualified immunity. Gardner asserts in his objection that "the admissions on file show overwhelming evidence of genuine issue[s] of material fact." (ECF No. 82 at PageID.757.) Gardner then restates his claim in a bulleted list, and states that "[t]his misconduct clearly violated the Plaintiff's U.S. Constitutional Rights in which a reasonable person would have known to have caused such violations." (*Id.* at PageID.757–58.) Gardner cites supporting case law and asserts that "[t]he Admissions clearly showed a valiant attempt by the Plaintiff to show continuing actual injury." (*Id.* at PageID.759.) In sum, Gardner's objections are vague, conclusory, and exceedingly broad and do not substantively engage with the R & R. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Engler v. Arnold*, 862 F.3d 571 (6th Cir. 2017) (citation omitted). Accordingly, Gardner has failed to raise any proper objections to the R & R.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's R & R (ECF No. 79) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Plaintiff's Objections (ECF No. 82) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 69) is **GRANTED**, and Plaintiff's motion for declaratory judgment (ECF No. 72) and motion to supplement and for default judgment (ECF No. 74) are **DENIED**.

This case is concluded.

A separate judgment will issue

Dated: March 5, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE